Date signed March 31, 2014



UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| Vito Simone and | * | Case No. 09-12555- NVA |
| Gail Simone | * | |
| Debtors. | * | (Chapter 7) |
| * * * * * * * * | | |
| Debra Donahoo | * | |
| Plaintiff, | * | Adv. Pro. No. 09-0296-NVA |
| v. | * | |
| Vito Simone and Gail Simone | | |
| | * | |
| Defendants. | | |
| * * * * * * * * * * * * * | | |

**MEMORANDUM AFTER REMAND IN SUPPORT OF**
**NON-DISCHARGEABILITY JUDGMENT AGAINST DEFENDANT GAIL SIMONE**

The Plaintiff Debra Donahoo filed a Complaint To Determine Nondischargeability of Debt against Vito Simone and Gail Simone, the Debtors in this bankruptcy case. In her Complaint, Ms. Donahoo maintains that a $50,000 loan she made to Mr. and Mrs. Simone should be declared non-

dischargeable under section 523 (a)(2)(A) of the Bankruptcy Code,[1] because the loan was made under false pretenses, as a result of a false representation by Mr. and Mrs. Simone. After an evidentiary trial, this Court awarded Ms. Donahoo a non-dischargeable judgment as to *both* Debtors, finding that the debt owed to Ms. Donahoo was obtained under the Debtors' false pretenses. The Debtors appealed this Court's order to the United States District Court for the District of Maryland. The District Court affirmed the non-dischargeability of the judgment as to *Mr. Simone*, but remanded for further findings and clarifications as to *Mrs. Simone*. In accordance with the directive of the District Court, this Memorandum constitutes this Court's further findings and clarifications with respect to the dischargeability of the judgment as it relates solely to Mrs. Simone.

## This Court's Initial Findings as to Dischargeability

As more fully set out in its original Memorandum Opinion [doc. 38] dated March 21, 2012, this Court found that the Debtors, Mr. and Mrs. Simone, fraudulently induced Ms. Donahoo to lend them $50,000 them by making misrepresentations to Ms. Donahoo. Mr. Simone spoke the words, but both Simones were present at the time the misrepresentations were made. Ms. Donahoo was an old friend and part-time employee of the Debtors, and an especially close friend of Mrs. Simone. The Court found that the Debtors falsely represented to Ms. Donahoo that they were scheduled to close a valuable real estate deal the following day, but that the deal would collapse without Ms. Donahoo's immediate financial help because a third-party investor had pulled out at the eleventh hour. The Court found that the Debtors convinced Ms. Donahoo that without her immediate financial assistance, the Debtors would lose all of the money that they had invested. Based on the

---

[1] Title 11 of the United States Code.

Debtors' representations, Ms. Donahoo lent the Debtors $50,000.

In reality, the Court found, there was no third party investor, and the Debtors had invested very little of their own money. Moreover, the project was not in a position to close the next day, did not close the next day and the Debtors did not tell Ms. Donahoo about the project's failure to close. They did not return Ms. Donahoo's money when the project failed to close; they kept her money while continuing to live a lavish lifestyle. They even installed a swimming pool at their home. As explained in its original Memorandum Opinion, this Court awarded a non-dischargeable judgment in favor of Ms. Donahoo against Mr. Simone and Mrs. Simone.

The District Court affirmed this Court's findings as to Mr. Simone. The District Court remanded this case for further findings and/or to permit this Court to clarify and state the basis for its finding that a misrepresentation was made by or imputed to *Mrs. Simone* under section 523 (a)(2)(A) of the Bankruptcy Code.

## Legal Standard

Section 523 (a)(2)(A) of the Bankruptcy Code provides as follows:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. §523 (a)(2)(A).

Exceptions to discharge are narrowly construed in order to further the Bankruptcy Code's policy of providing a fresh start to debtors. Ms. Donahoo bears the burden of demonstrating by a preponderance of the evidence that the claim comes within an exception to discharge. *In re White*, 128 Fed.Appx. 994, 998, 2005 WL 984195, *3 (4th Cir. 2005), *citing Grogan v. Garner,* 498 U.S. 279, 286 (1991).

In order to establish the non-dischargeability of a debt pursuant to section 523(a)(2)(A), the creditor must establish each of five elements: (1) a false representation made by the debtor, (2) knowledge by the debtor that the representation was false, (3) intent to deceive, (4) justifiable reliance on the representation by the creditor, and (5) a showing that the representation was the proximate cause of damages. *In re Rountree,* 478 F.3d 215, 218 (4th Cir. 2007).

The District Court's Reason for Remand

It important to note that the District Court remanded this case for a determination *only* as to the first of the foregoing elements - - namely, the finding that a misrepresentation had been made by or imputed to *Mrs. Simone*. The District Court's inquiry is expressly limited to whether Ms. Donahoo had proved the "representation element" as to Mrs. Simone. *District Court Opinion* at 7.[2] The District Court was unable to discern "from the record and the [Bankruptcy Court's] Memorandum [] the basis upon which the Bankruptcy Court imputed liability to Mrs. Simone." *Id*. at 11. "The uncertainty of the Bankruptcy Court's basis for imputing liability to Mrs. Simone, and the apparent presentment of this argument for the first time on appeal, warrants remand." *Id*. at 13.

As the District Court points out, the trial record establishes that Mrs. Simone was *present* at

---

[2] The District Court Opinion made the determination that "the Bankruptcy Court did not err in finding the debt nondischargeable as to Mr. Simone." *District Court Opinion* at 7. The District Court affirmed the grant of a non-dischargeable judgment in favor of Ms. Donahoo as to Mr. Simone. *Id*.

the inducement phase of the loan. *See Id.* at 11. However, as District Court also points out, it was *Mr. Simone* who made all of the affirmative representations to Ms. Donahoo in order to induce her to lend the money. *Id.* The District Court determined that this Court imputed liability to *Mrs. Simone*, but did not make clear the basis upon which it did so. *Id.* The limited task of this Memorandum after Remand is to make that clear.

<u>This Court's Bases for Findings of Liability as to Mrs. Simone</u>

In conjunction with the facts found in its earlier Memorandum Opinion [doc. 38], the Court highlights on remand the following facts: Ms. Donahoo and both of the Debtors had been close friends since high school and for at least 30 years prior to entering into the transaction at issue in this case. (T.11, 12, 18, 31, 32, 71). Mrs. Simone and Ms. Donahoo were very close friends. (T.11, T.71). Ms. Donahoo had worked with and had been employed by both of the Debtors in their real estate business prior to making the loan to them. (T. 12) At a meeting on April 27, 2006, at which all three parties were present, Mr. Simone solicited Ms. Donahoo for a loan for a real estate project. Mr. Simone made all of the express representations during the meeting, but Mrs. Simone was present and stood by mutely while her husband misrepresented to Ms. Donahoo that the Simones were facing an emergency financial situation, that settlement on the couple's real estate project was scheduled for the next day, that an investor had backed out, and that the couple urgently and immediately needed Ms. Donahoo to lend them $50,000 to go to closing the next day or the whole project would collapse at a great personal loss to the Debtors. (T. 13, 14, 15, 32, 72, 73, pl. ex. 9). Mrs. Simone knew that Ms. Donahoo lived "paycheck to paycheck" with her home equity line as her only security in the event of an emergency. (T. 15-16). Mrs. Simone knew that Ms. Donahoo trusted

5

her as an old and close friend.[3]

Settlement on the project did not occur until June 30, 2006. (T.86, 87,92, pl. ex. 3). Even up until the time the Simones' bankruptcy petition was filed, Ms. Donahoo was under the inaccurate belief that the settlement on the project had occurred on April 28, 2006. (T.17, 36). There is nothing to even suggest that either of the Simones did anything to correct this misimpression.

The Court concludes that there are *two* bases upon which Mrs. Simone may be held responsible individually, each of which stands separately and independently as a basis for this Court's determination of Mrs. Simone's liability under § 523(a)(2)(A).

*First*, this Court believes and finds that Mrs. Simone was not an innocent bystander spouse in this transaction who was without knowledge of her husband's misrepresentations at the meeting with Ms. Donahoo. As is set forth, *infra*, the evidence amply demonstrates that she was an involved business partner with her husband. *See infra* at 9. Based on her level of sophistication and involvement, and her demeanor at trial, the Court believes that Mrs. Simone knew her husband's statements were false and given the circumstances she had a duty to speak.

As pointed out by counsel for Ms. Donahoo in his Supplemental Memorandum [doc.52 at 9-10], "Even if one gives the Simones the benefit of the fact that Ms. Simone said *nothing* during this meeting, Ms. Simone's response to her *own counsel's* questions on direct examination about her participation at the meeting destroys any argument that she was not jointly soliciting the loan from Ms. Donahoo through her husband."

---

[3] Ms. Donahoo regarded Mrs. Simone as her best friend and testified, "Well, I met Gail [Mrs. Simone] in high school, I guess when we were about 16, and we were best friends until recently when all this came about. (T.11). Mrs. Simone likewise testified that she had known Ms. Donahoo since tenth grade and regarded her as "one of" her "best friends." (T.71).

>By Mr. Karpook:
>
>Q. Mrs. Simone, what was *your* intention as far as borrowing money from Ms. Donahoo on *April 27, 2006*?
>
>A. *Our* intents (sic) was to build out Druid Lake, and pay her off, pay everybody off that was in it. That was *our* intention fully.

T.102, line 12-17. (emphasis added).

This Court draws inferences from this admission by Mrs. Simone that she was, and intended to be, a party to the transaction with her husband at the April 27, 2006 meeting. Her silence in this context is no excuse.

As the District Court recognized, "false pretenses, [] false representation, or actual fraud" required by section 523 are not restricted to affirmative representations. *District Court Opinion* at 12 *citing In re Lindsley*, 388 B.R. 661, 669 (Bankr. D.Md. 2008) (stating that a misrepresentation can include conduct that produces "a false or misleading impression of fact in the mind of another" and that an omission may also "constitute a misrepresentation where the circumstances are such that a failure to speak or act creates a false impression[]"). A misrepresentation sufficient to fulfill the first prong of section 523 (a) (2) (A) need not be an express representation. *District Court Opinion* at 12. *See, e.g., In re Grant*, 237 B.R. 97, 113 (Bankr. E.D.Va. 1999) (endorsing view that no overt misrepresentation is required under § 523(a)(2)(A) but may be implied from silence); *In re Pleasants*, 231 B.R. 893, 897 (Bankr. E.D.Va. 1999) (endorsing view that a misrepresentation may arise from conduct such as an omission).

"The duty to disclose can be created by the false pretense itself." *In re Levasseur*, 482 B.R. 15 (Bankr. D. Mass 2012) "[W]hen the circumstances imply a particular set of facts, and one party knows the facts to be otherwise, there may be a duty to correct the false impression. *Id. citing In re*

*Moen*, 238 B.R. 785 (8th Cir. B.A.P. 1999) This disclosure becomes mandatory if necessary to eradicate the creation of a false pretense. *Id.  See also, In re Davis*, 486 B.R. 182, 191 (Bankr. N.D. Cal. 2013) ("A debtor's failure to disclose material facts constitutes a fraudulent omission under § 523(a)(2)(A) if the debtor was under a duty to disclose and possessed an intent to deceive."); *In re Miller,* 310 B.R. 185, 196 (Bankr.C.D.Cal.2004) ("The concealment or omission of material facts that a party has a duty to disclose can support the nondischargeability of a debt on the grounds of actual fraud.").

A false pretense "is usually, but not always, the product of multiple events, acts or representations undertaken by a debtor which purposely create a contrived and misleading understanding of a transaction that, in turn, wrongfully induces the creditor to extend credit to the debtor."  *In re Amari*, 483 B.R. 836 847 (Bankr. N.D. Ill. 2012).

As supported by the evidence, reasonable inferences drawn and the demeanor of Mrs. Simone at trial, this Court first concludes that Mrs. Simone was a savvy partner with her husband in the venture for which they, together, sought a loan from Ms. Donahoo.  She viewed herself as a partner with her husband, *was* a partner with her husband, and as such, the Court concludes, understood that a misrepresentation was being made.  Although she was silent, in accordance with the applicable law as cited above and in the circumstances, she is charged with a duty to speak and to disclose. She failed to do so. She is individually liable under section 523(a)(2)(A).

*Second*, the debt from Mrs. Simone to Ms. Donahoo is non-dischargeable because Mrs. Simone was a partner with her husband in his real estate development business for which the loan from Ms. Donahoo was solicited.  Under Maryland law, a partnership need not be evidenced by a writing; a partnership may be found where "the circumstances and acts of the parties indicate an

intention to create a partnership." *Gosman v. Gosman*, 271 Md. 514 (1974).  The trial record amply demonstrates that a partnership existed between Mr. and Mrs. Simone. *See, e.g.,* (1) both Mr. and Mrs. Simone signed a note memorializing the loan (T. 8 – 9); (2) referring to himself and Mrs. Simone, Mr. Simone said to Ms. Donahoo that "they" had been working on a project and that "they" had a deadline." (T. 13 –14); (3) Mrs. Simone admitted that the obligation to Ms. Donahoo is joint with her husband (T. 75); and (4) Mr. and Mrs. Simone listed all of the obligations of Druid Lake Partners as "joint" on their Bankruptcy Schedule F.  Because Mr. and Mrs. Simone were partners, the fraud of Mr. Simone can be imputed to Mrs. Simone.  *See, e.g. In re Asbury*, 441 B.R. 629, (Bankr. W.D. MO 2010).  *See also, Matter of Luce*, 960 F.2d 1277 (5th Cir. 1992) (husband's fraud imputed to partner/wife to make debt non-dischargeable as to wife, even though there was no evidence she knew about or participated in the fraud).

## Conclusion

By a preponderance of the evidence, Plaintiff demonstrated that she is entitled to judgment against both Debtors under 11 U.S.C. § 523 (a)(2)(A).

cc:   Vito and Gail Simone, Debtors
      Andre R. Weitzman, Esq.
      Russell D. Karpook, Esq.

**END OF MEMORANDUM**